FILED
CLERK, U.S. DISTRICT COURT

**10/30/23**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___eb___ DEPUTY

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3561
    E-mail:    brett.sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:23-cr-00148-JWH |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CHUNG KU SIN |
| v. | |
| CHUNG KU SIN, | |
| Defendant. | |

1.    This constitutes the plea agreement between DEFENDANT CHUNG KU SIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information, which

1  charges defendant with filing a false tax return, in violation of

2  Title 26, United States Code, Section 7206(1).

3        b.    Not contest facts agreed to in this agreement.

4        c.    Abide by all agreements regarding sentencing contained

5  in this agreement.

6        d.    Appear for all court appearances, surrender as ordered

7  for service of sentence, obey all conditions of any bond, and obey

8  any other ongoing court order in this matter.

9        e.    Not commit any crime; however, offenses that would be

10 excluded for sentencing purposes under United States Sentencing

11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12 within the scope of this agreement.

13       f.    Be truthful at all times with the United States

14 Probation and Pretrial Services Office and the Court.

15       g.    Pay the applicable special assessment at or before the

16 time of sentencing unless defendant has demonstrated a lack of

17 ability to pay such assessments.

18                        PAYMENT OF TAXES OWED

19    3.    Defendant admits that defendant received $2,927,265 of

20 unreported income for tax years 2015 through 2021. Defendant agrees

21 to cooperate with the Internal Revenue Service in the determination

22 of defendant's tax liability for tax years 2015 through 2021.

23 Defendant agrees that:

24       a.    Defendant will either:

25            i.    file, prior to the time of sentencing, amended

26 returns for the years subject to the below admissions, correctly

27 reporting unreported income; will, if requested to do so by the

28 Internal Revenue Service, provide the Internal Revenue Service with

information regarding the years covered by the returns; will pay to the Fiscal Clerk of the Court at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012. OR

ii.   Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the total sum of $977,807 ($183,814, $232,575, $161,718, $148,408, $145,229, $57,924, $48,139 for the defendant's tax years 2015, 2016, 2017, 2018, 2019, 2020, and 2021, respectively), which comprises the tax liabilities, as well as to assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for tax years 2015 through 2021.

1     e.    Defendant gives up any and all objections that could

2  be asserted to the Examination Division of the Internal Revenue

3  Service receiving materials or information obtained during the

4  criminal investigation of this matter, including materials and

5  information obtained through grand jury subpoenas.

6                        THE USAO'S OBLIGATIONS

7      4.    The USAO agrees to:

8          a.    Not contest facts agreed to in this agreement.

9          b.    Abide by all agreements regarding sentencing contained

10  in this agreement.

11          c.    At the time of sentencing, provided that defendant

12  demonstrates an acceptance of responsibility for the offense up to

13  and including the time of sentencing, recommend a two-level reduction

14  in the applicable Sentencing Guidelines offense level, pursuant to

15  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

16  additional one-level reduction if available under that section.

17          d.    Not further criminally prosecute defendant for

18  violations of criminal tax violations arising out of defendant's

19  conduct described in the agreed-to factual basis set forth in

20  paragraph 11 below, specifically criminal tax violations for the tax

21  years 2015 through 2021.  Defendant understands that the USAO is free

22  to criminally prosecute defendant for any other unlawful past conduct

23  or any unlawful conduct that occurs after the date of this agreement.

24  Defendant agrees that at the time of sentencing the Court may

25  consider the uncharged conduct in determining the applicable

26  Sentencing Guidelines range, the propriety and extent of any

27  departure from that range, and the sentence to be imposed after

28

1 consideration of the Sentencing Guidelines and all other relevant

2 factors under 18 U.S.C. § 3553(a).

3 NATURE OF THE OFFENSE

4    5.   Defendant understands that for defendant to be guilty of

5 the crime charged in count one, that is, filing a false tax return,

6 in violation of Title 26, United States Code, Section 7206(1), the

7 following must be true: (1) defendant made and signed a tax return

8 that he knew contained false information as to a material matter; (2)

9 the return contained a written declaration that it was being signed

10 subject to the penalties of perjury; and (3) in filing the false tax

11 return, defendant acted willfully.

12 PENALTIES AND RESTITUTION

13    6.   Defendant understands that the statutory maximum sentence

14 that the Court can impose for a violation of Title 26, United States

15 Code, Section 7206(1), is: 3 years imprisonment; a one-year period of

16 supervised release; a fine of $250,000 or twice the gross gain or

17 gross loss resulting from the offense, whichever is greatest; and a

18 mandatory special assessment of $100.

19    7.   Defendant understands and agrees that the Court: (a) may

20 order defendant to pay restitution in the form of any additional

21 taxes, interest, and penalties that defendant owes to the United

22 States based upon the count of conviction and any relevant conduct,

23 specifically for the additional tax years between 2015 and 2021; and

24 (b) must order defendant to pay the costs of prosecution, which may

25 be in addition to the statutory maximum fine stated above.

26    8.   Defendant understands that supervised release is a period

27 of time following imprisonment during which defendant will be subject

28 to various restrictions and requirements.  Defendant understands that

1  if defendant violates one or more of the conditions of any supervised

2  release imposed, defendant may be returned to prison for all or part

3  of the term of supervised release authorized by statute for the

4  offense that resulted in the term of supervised release, which could

5  result in defendant serving a total term of imprisonment greater than

6  the statutory maximum stated above.

7       9.    Defendant understands that, by pleading guilty, defendant

8  may be giving up valuable government benefits and valuable civic

9  rights, such as the right to vote, the right to possess a firearm,

10  the right to hold office, and the right to serve on a jury. Defendant

11  understands that he is pleading guilty to a felony and that it is a

12  federal crime for a convicted felon to possess a firearm or

13  ammunition.  Defendant understands that the conviction in this case

14  may also subject defendant to various other collateral consequences,

15  including but not limited to revocation of probation, parole, or

16  supervised release in another case and suspension or revocation of a

17  professional license.  Defendant understands that unanticipated

18  collateral consequences will not serve as grounds to withdraw

19  defendant's guilty plea.

20      10.  Defendant understands that, if defendant is not a United

21  States citizen, the felony conviction in this case may subject

22  defendant to: removal, also known as deportation, which may, under

23  some circumstances, be mandatory; denial of citizenship; and denial

24  of admission to the United States in the future.  The Court cannot,

25  and defendant's attorney also may not be able to, advise defendant

26  fully regarding the immigration consequences of the felony conviction

27  in this case.  Defendant understands that unexpected immigration

28

1    consequences will not serve as grounds to withdraw defendant's guilty

2    plea.

3                              FACTUAL BASIS

4        11.  Defendant admits that defendant is, in fact, guilty of the

5    offense to which defendant is agreeing to plead guilty.  Defendant

6    and the USAO agree to the statement of facts provided below and agree

7    that this statement of facts is sufficient to support a plea of

8    guilty to the charge described in this agreement and to establish the

9    Sentencing Guidelines factors set forth in paragraph 13 below but is

10   not meant to be a complete recitation of all facts relevant to the

11   underlying criminal conduct or all facts known to either party that

12   relate to that conduct.

13       Defendant SIN was a resident of Garden Grove, California.

14   During the years 2015 through 2021, defendant owned and operated the

15   following auto-repair businesses located in Orange County,

16   California: Golden Tire, doing business as Golden Auto Body

17   (hereinafter "Golden Auto Body"); SK Tops Auto Body Inc., doing

18   business as Tops Auto Body (hereinafter "Tops Auto Body"); and SK

19   Victory Auto Body Inc., doing business as Victory Auto Body

20   (hereinafter "Victory Auto Body").  Defendant reported Golden Auto

21   Body as a sole proprietorship on a Schedule C on his U.S. Individual

22   Income Tax Returns, Forms 1040.  Defendant filed corporate tax

23   returns, Form 1120s, for Tops Auto Body and Victory Auto Body.

24       Tops Auto Body and Victory Auto Body elected to be taxed as a

25   Subchapter S Corporation. S Corporations elect to pass corporate

26   income, losses, deductions, and credits through to their shareholders

27   for federal tax purposes. Shareholders of S Corporations report the

28   flow-through income and losses on their personal tax returns and are

                                    7

1    assessed at their individual income tax rates.  Defendant was the

2    100% shareholder of both Tops Auto Body and Victory Auto Body.

3        During the calendar years 2015, 2016, 2017, 2018, 2019, 2020,

4    and 2021, defendant received payments for services for Golden Auto

5    Body, Tops Auto Body, and Victory Auto Body, including in the form of

6    checks.  During these years, defendant used a check cashing business

7    located in Garden Grove, California, to cash checks for services done

8    by Golden Auto Body, Tops Auto Body, and Victory Auto Body.

9    Specifically, from 2015 through 2021 defendant used the check cashing

10   business to cash approximately $2.9 million in checks made payable to

11   his auto-repair businesses, including: approximately $180,635 made

12   payable to Victory Body Auto from 2015 through 2016; approximately

13   $1,749,439 made payable to Golden Auto Body from 2016 through 2021;

14   and approximately $997,192 made payable to Top Body Auto from 2015

15   through 2018.  Defendant willfully and intentionally withheld the

16   business receipts and income for Golden Auto Body, Tops Auto Body,

17   and Victory Auto Body in the form of checks that defendant cashed at

18   the check cashing business from his return preparer and willfully and

19   intentionally omitted these receipts and income on his tax returns.

20   Defendant only provided to his return preparer and reported on his

21   tax returns the business receipts and income for Golden Auto Body,

22   Tops Auto Body, and Victory Auto Body that defendant deposited into

23   his business bank accounts.

24       In particular, on or about October 16, 2017, in Orange County,

25   within the Central District of California, and elsewhere, defendant

26   willfully made and subscribed to a materially false U.S. Individual

27   Income Tax Return, Form 1040, for calendar year 2016, which was

28   verified by a written declaration that it was made under the

1  penalties of perjury, which was filed with the Internal Revenue

2  Service, and which defendant did not believe to be true and correct

3  as to every material matter, in that on line 22 of his Form 1040,

4  defendant reported that his total income for the calendar year 2016

5  was $180,124, when, in fact, as defendant then knew and believed, his

6  total income for calendar year 2016 omitted approximately $580,351 in

7  income.

8     In addition, in Orange County, within the Central District of

9  California, defendant also willfully made and subscribed to

10  materially false U.S. Individual Income Tax Returns, Forms 1040, for

11  calendar years 2015, 2017, 2018, 2019, 2020, and 2021, each were

12  verified by a written declaration that it was made under the

13  penalties of perjury, each were filed with the Internal Revenue

14  Service, and which defendant did not believe to be true and correct

15  as to every material matter.  On line 22 of his 2015 Form 1040,

16  defendant reported that his total income for the calendar year 2015

17  was $146,274, when, in fact, defendant willfully and intentionally

18  omitted approximately $489,225 in income.  On line 22 of his 2017

19  Form 1040, defendant reported that his total income for the calendar

20  year 2017 was $104,540, when, in fact, defendant willfully and

21  intentionally omitted approximately $460,462 in income.  On line 6 of

22  his 2018 Form 1040, defendant reported that his total income for the

23  calendar year 2018 was $182,889, when, in fact, defendant willfully

24  and intentionally omitted approximately $452,720 in income.  On line

25  7b of his 2019 Form 1040, defendant reported that his total income

26  for the calendar year 2019 was $98,643, when, in fact, defendant

27  willfully and intentionally omitted approximately $470,823 in income.

28  On line 9 of his 2020 Form 1040, defendant reported that his total

income for the calendar year 2020 was $20,308, when, in fact, defendant willfully and intentionally omitted approximately $276,295 in income.  And on line 9 of his 2021 Form 1040, defendant reported that his total income for the calendar year 2021 was $1,263, when, in fact, defendant willfully and intentionally omitted approximately $197,391 in income.

Because of defendant's willful and intentional failure to report his full income received from Golden Auto Body, Tops Auto Body, and Victory Auto Body in the form of checks that defendant cashed at the check cashing business from 2015 through 2021, defendant caused a total tax loss of $977,807 for these years.  Defendant's actions were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, or other innocent reason.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

10

Base Offense Level:                    20      [U.S.S.G. §§ 2T1.1(a)(1),
                                                          2T4.1(H)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL AND COLLATERAL ATTACK

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

1    within the statutory maximum; (e) the amount and terms of any

2    restitution order, provided it requires payment of no more than

3    $977,807 in tax liabilities, as well as any civil fraud penalty for

4    each year and statutory interest, on the tax liabilities, as provided

5    by law; (f) the term of probation or supervised release imposed by

6    the Court, provided it is within the statutory maximum; and (g) any

7    of the following conditions of probation or supervised release

8    imposed by the Court: the conditions set forth in Second Amended

9    General Order 20-04 of this Court; the drug testing conditions

10   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

11   drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

12        19.  Defendant also gives up any right to bring a post-

13   conviction collateral attack on the conviction or sentence, including

14   any order of restitution, except a post-conviction collateral attack

15   based on a claim of ineffective assistance of counsel, a claim of

16   newly discovered evidence, or an explicitly retroactive change in the

17   applicable Sentencing Guidelines, sentencing statutes, or statutes of

18   conviction.  Defendant understands that this waiver includes, but is

19   not limited to, arguments that the statute to which defendant is

20   pleading guilty is unconstitutional, and any and all claims that the

21   statement of facts provided herein is insufficient to support

22   defendant's plea of guilty.

23        20.  The USAO agrees that, provided (a) all portions of the

24   sentence are at or below the statutory maximum specified above and

25   (b) the Court imposes a term of imprisonment within or above the

26   range corresponding to an offense level of 17 and the criminal

27   history category calculated by the Court, the USAO gives up its right

28   to appeal any portion of the sentence.

1      RESULT OF WITHDRAWAL OF GUILTY PLEA

2      21.   Defendant agrees that if, after entering a guilty plea

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty plea on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge that was either dismissed or not filed as a result

9  of this agreement, then (i) any applicable statute of limitations

10  will be tolled between the date of defendant's signing of this

11  agreement and the filing commencing any such action; and

12  (ii) defendant waives and gives up all defenses based on the statute

13  of limitations, any claim of pre-indictment delay, or any speedy

14  trial claim with respect to any such action, except to the extent

15  that such defenses existed as of the date of defendant's signing this

16  agreement.

17      RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18      21.   Defendant agrees that if the count of conviction is

19  vacated, reversed, or set aside, both the USAO and defendant will be

20  released from all their obligations under this agreement.

21      EFFECTIVE DATE OF AGREEMENT

22      22.   This agreement is effective upon signature and execution of

23  all required certifications by defendant, defendant's counsel, and an

24  Assistant United States Attorney.

25      BREACH OF AGREEMENT

26      23.   Defendant agrees that if defendant, at any time after the

27  signature of this agreement and execution of all required

28  certifications by defendant, defendant's counsel, and an Assistant

14

1  United States Attorney, knowingly violates or fails to perform any of

2  defendant's obligations under this agreement ("a breach"), the USAO

3  may declare this agreement breached.  All of defendant's obligations

4  are material, a single breach of this agreement is sufficient for the

5  USAO to declare a breach, and defendant shall not be deemed to have

6  cured a breach without the express agreement of the USAO in writing.

7  If the USAO declares this agreement breached, and the Court finds

8  such a breach to have occurred, then: (a) if defendant has previously

9  entered a guilty plea pursuant to this agreement, defendant will not

10 be able to withdraw the guilty plea, and (b) the USAO will be

11 relieved of all its obligations under this agreement.

12      24.  Following the Court's finding of a knowing breach of this

13 agreement by defendant, should the USAO choose to pursue any charge

14 that was either dismissed or not filed as a result of this agreement,

15 then:

16         a.   Defendant agrees that any applicable statute of

17 limitations is tolled between the date of defendant's signing of this

18 agreement and the filing commencing any such action.

19         b.   Defendant waives and gives up all defenses based on

20 the statute of limitations, any claim of pre-indictment delay, or any

21 speedy trial claim with respect to any such action, except to the

22 extent that such defenses existed as of the date of defendant's

23 signing this agreement.

24         c.   Defendant agrees that: (i) any statements made by

25 defendant, under oath, at the guilty plea hearing (if such a hearing

26 occurred prior to the breach); (ii) the agreed to factual basis

27 statement in this agreement; and (iii) any evidence derived from such

28 statements, shall be admissible against defendant in any such action

15

1  against defendant, and defendant waives and gives up any claim under

2  the United States Constitution, any statute, Rule 410 of the Federal

3  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4  Procedure, or any other federal rule, that the statements or any

5  evidence derived from the statements should be suppressed or are

6  inadmissible.

7  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8  OFFICE NOT PARTIES

9  25.  Defendant understands that the Court and the United States

10 Probation and Pretrial Services Office are not parties to this

11 agreement and need not accept any of the USAO's sentencing

12 recommendations or the parties' agreements to facts or sentencing

13 factors.

14 26.  Defendant understands that both defendant and the USAO are

15 free to: (a) supplement the facts by supplying relevant information

16 to the United States Probation and Pretrial Services Office and the

17 Court; (b) correct any and all factual misstatements relating to the

18 Court's Sentencing Guidelines calculations and determination of

19 sentence; and (c) argue on appeal and collateral review that the

20 Court's Sentencing Guidelines calculations and the sentence it

21 chooses to impose are not error, although each party agrees to

22 maintain its view that the calculations in paragraph 13 are

23 consistent with the facts of this case.  Although this paragraph

24 permits both the USAO and defendant to submit full and complete

25 factual information to the United States Probation and Pretrial

26 Services Office and the Court, even if that factual information may

27 be viewed as inconsistent with the facts agreed to in this agreement,

28

1    this paragraph does not affect defendant's and the USAO's obligations

2    not to contest the facts agreed to in this agreement.

3        27.  Defendant understands that even if the Court ignores any

4    sentencing recommendation, finds facts or reaches conclusions

5    different from those agreed to, and/or imposes any sentence up to the

6    maximum established by statute, defendant cannot, for that reason,

7    withdraw defendant's guilty plea, and defendant will remain bound to

8    fulfill all defendant's obligations under this agreement.  Defendant

9    understands that no one -- not the prosecutor, defendant's attorney,

10   or the Court -- can make a binding prediction or promise regarding

11   the sentence defendant will receive, except that it will be within

12   the statutory maximum.

13                      NO ADDITIONAL AGREEMENTS

14       28.  Defendant understands that, except as set forth herein,

15   there are no promises, understandings, or agreements between the USAO

16   and defendant or defendant's attorney, and that no additional

17   promise, understanding, or agreement may be entered into unless in a

18   writing signed by all parties or on the record in court.

19   ///

20

21

22

23

24

25

26

27

28

                                    17

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          10/16/23
BRETT A. SAGEL                              Date
Assistant United States Attorney

_____          10·11·2023
CHUNG KU SIN                                Date
Defendant

_____          10-11-2023
GARY H. KUWADA                              Date
Attorney for Defendant CHUNG KU SIN

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Korean, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the

18

1  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

2  Sentencing Guidelines provisions, and of the consequences of entering

3  into this agreement.  No promises, inducements, or representations of

4  any kind have been made to me other than those contained in this

5  agreement.  No one has threatened or forced me in any way to enter

6  into this agreement.  I am satisfied with the representation of my

7  attorney in this matter, and I am pleading guilty because I am guilty

8  of the charge and wish to take advantage of the promises set forth in

9  this agreement, and not for any other reason.

10

11  _____        _____
                                             10, 11, 2023
12  CHUNG KU SIN                             Date
    Defendant

13

14                 CERTIFICATION OF INTERPRETER

15      I, ___Hye Jae Kim___, am fluent in the written and spoken

16  English and Korean languages.  I accurately translated this entire

17  agreement from English into Korean to defendant CHUNG KU SIN on this

18  date.

19  _____        _____
                                             10-11-23
20  INTERPRETER                              Date

21

22              CERTIFICATION OF DEFENDANT'S ATTORNEY

23      I am defendant CHUNG KU SIN's attorney.  I have carefully and

24  thoroughly discussed every part of this agreement with my client.

25  Further, I have fully advised my client of his rights, of possible

26  pretrial motions that might be filed, of possible defenses that might

27  be asserted either prior to or at trial, of the sentencing factors

28  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

19

1  provisions, and of the consequences of entering into this agreement.
2  To my knowledge: no promises, inducements, or representations of any
3  kind have been made to my client other than those contained in this
4  agreement; no one has threatened or forced my client in any way to
5  enter into this agreement; my client's decision to enter into this
6  agreement is an informed and voluntary one; and the factual basis set
7  forth in this agreement is sufficient to support my client's entry of
8  a guilty plea pursuant to this agreement.

10  _____          10/11/2023
11  GARY H. KUWADA                                   Date
    Attorney for Defendant CHUNG KU SIN

20